UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN ALVAREZ, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-cv-2204 |
| ) | |
| FELICIA ADKINS, *et al.*, ) | |
|    Defendants. ) | |

## MERIT REVIEW ORDER – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files suit under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Danville Correctional Center ("Danville"). This cause is before the Court for a merit review of Plaintiff's Amended Complaint. (Doc. 11). The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Amended Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A. In reviewing the Amended Complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## ALLEGATIONS

Plaintiff files suit against Danville Warden Felicia Adkins, Illinois Department of Corrections ("IDOC") Director Rob Jeffries, Sergeant Renfroe, Lieutenant Drikstra, Correctional Officer John Doe, and Health Care Unit ("HCU") Director Jennifer Chacon.

Plaintiff did not name John Does (Various IDOC/Danville Employees) as Defendants in his Amended Complaint. Therefore, they are dismissed without prejudice.

Plaintiff alleges that a rat bit him multiple times on his upper right arm while he was sleeping in his cell in the R3 housing unit on December 1, 2022. Plaintiff immediately jumped from his bed, turned on the cell light, and killed the rat. Plaintiff pressed the emergency call button in his cell, and Defendant Correctional Officer John Doe responded. Plaintiff informed Defendant John Doe about the incident and showed him his right arm and the dead rat. Plaintiff asked to be taken to the HCU for medical attention, but Defendant John Doe denied his request and told him to submit a nurse sick call request.

Later that day, Plaintiff spoke with Defendant Sergeant Renfroe, who also instructed Plaintiff to submit a nurse sick call request.

Plaintiff then spoke with Defendant Lieutenant Drikstra about the incident and showed him his injury. Plaintiff alleges Defendant Drikstra laughed and did not help Plaintiff get medical care.

Plaintiff states that he submitted several emergency nurse sick call requests and an emergency grievance, but he was not treated by medical staff until December 8, 2022. Plaintiff alleges that Defendant HCU Director Chacon did not follow procedure or make any effort to provide immediate assistance for the rat bite.

Plaintiff claims that Defendant Warden Adkins failed to respond and take immediate action after the situation came to her attention.

Plaintiff alleges he had bruising and discoloration on the bite area and experienced stomach pain, chills, headaches, depression, and had difficulty sleeping due to the bite. Plaintiff state he continues to experience anxiety, itchy arms, and difficulty breathing.

## ANALYSIS

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

Plaintiff alleges he informed Defendant Correctional Officer John Doe about the incident, showed him his arm, and the dead rat and asked for immediate medical attention for his bite, but Defendant refused to assist him. Plaintiff alleges he also spoke with Defendant Lieutenant Drikstra about the rat bite, showed him his injury, and requested emergency medical care, but he laughed and refused to provide immediate medical treatment. Plaintiff claims he developed stomach pains, chills, and other symptoms due to the bite. Based on his allegations, the Court finds Plaintiff has

stated an Eighth Amendment deliberate indifference claim against Defendants John Doe and Drikstra.

Regarding Defendant Sergeant Renfroe, Plaintiff alleges only that he spoke with him on December 1, 2022, and that Defendant instructed Plaintiff to submit a nurse sick call request. It is unclear what Plaintiff told Defendant Renfroe and if he saw Plaintiff's injuries. Plaintiff's allegations are too tenuous to state an Eighth Amendment deliberate indifference claim against Defendant Renfroe. He is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

Plaintiff alleges that Defendant HCU Director Chacon did not follow procedures or make any effort to provide immediate medical care for the rat bite. Plaintiff provides no further details about what procedures Defendant Chacon allegedly failed to follow or how she was aware he needed immediate care. Plaintiff's only allegation against Defendant Warden Adkins is that she failed to respond and take immediate action once the situation came to her attention. It appears that Plaintiff is trying to hold Defendants Chacon and Adkins liable because they hold supervisory positions. However, liability under § 1983 is based on personal responsibility, and Defendants cannot be held liable simply because of their supervisory roles. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory prison staff can be held liable for deliberate indifference if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Plaintiff's allegations against Defendants Chacon and Adkins are too tenuous for the Court to conclude that they were subjectively aware that Plaintiff was at risk of harm. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or

4

participated in a constitutional deprivation."). Defendants Chacon and Adkins are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

Finally, Plaintiff names IDOC Director Jeffreys as a Defendant, but he did not include any allegations related to Defendant Jeffreys in his Amended Complaint. Defendant Jeffreys is dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed on the Eighth Amendment deliberate indifference claim against Defendants John Doe and Drikstra for allegedly failing to provide medical attention to treat Plaintiff's rat bite in December 2022. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) The Clerk is directed to ADD Drikstra (Lieutenant) and John Doe (Correctional Officer) as Defendants.

3) Defendants Renfroe, Jennifer Chacon, Felicia Adkins, Rob Jeffries, and John Does (Various IDOC/Danville Employees) are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE Defendants Adkins, Jeffries, and John Does.

4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an

appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any

motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) Plaintiff shall be provided a copy of all pertinent medical records upon request.

12) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 4/10/2024

                                                s/ James E. Shadid
                                                James E. Shadid
                                                U.S. District Court Judge